
**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
801 US Highway 1 North Palm Beach, FL 33408

*Handwritten:* Hamilla, Ember
2020660141
4-4-20
EMR
Attn   MP

09/07/2021

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-231

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | Entity Served: | Werner Enterprises, Inc. |
| 2. | Title of Action: | Karina Mendez F/K/A Celsa J. Mendez Perez vs. Ember L. Hamilla, et al. |
| 3. | Document(s) Served: | KCOJ eFiling Cover Sheet<br>Civil Summons<br>Complaint with Jury Demand Requested Herein |
| 4. | Court/Agency: | Kenton County Circuit Court |
| 5. | State Served: | Kentucky |
| 6. | Case Number: | 21-CI-01307 |
| 7. | Case Type: | Negligence / Injuries |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Thursday 09/02/2021 |
| 10. | Date to Client: | Tuesday 09/07/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 20<br>Wednesday 09/22/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Anthony D. Maiorano<br>Cincinnati, OH<br>513-621-4999 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 181 |
| 16. | Notes: | Please note an unexpected delay in delivery of the document due to extreme weather conditions was experienced.  We apologize for any inconvenience. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**EXHIBIT A**

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 |  | Case #: **21-CI-01307**<br>Court:    **CIRCUIT**<br>County: **KENTON** |

## CIVIL SUMMONS

*Plantiff,* **MENDEZ PEREZ, KARINA VS. HAMILLA, EMBER L. ET AL**, *Defendant*

TO:  **CORPORATE CREATIONS NETWORK INC.,**

    **101 NORTH SEVENTH STREET**

    **LOUISVILLE, KY 40202**

Memo: Related party is WERNER ENTERPRISES, INC.

The Commonwealth of Kentucky to Defendant:
**WERNER ENTERPRISES, INC.**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*John C Middleton*

Kenton Circuit Clerk
Date: **8/30/2021**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                                    Served By

                                                      _____
                                                          Title

Summons ID: 380657125721854@00001001424<br>CIRCUIT: 21-CI-01307 Certified Mail<br>MENDEZ PEREZ, KARINA VS. HAMILLA, EMBER L. ET AL

  Page 1 of 1  eFiled 

Filed          21-CI-01307          08/30/2021          John C. Middleton, Kenton Circuit Clerk

# COMMONWEALTH OF KENTUCKY
## KENTON CIRCUIT COURT
### CASE NO. __-__-_____
### _____ DIVISION

**KARINA MENDEZ**                                                 **JUDGE**
**F/K/A CELSA J. MENDEZ PEREZ**

    **PLAINTIFF**

**-VS.**                                                                         **COMPLAINT WITH JURY**
                                                                                    **DEMAND REQUESTED HEREIN**

**EMBER L. HAMILLA**

**AND**

**WERNER ENTERPRISES, INC.**

    **DEFENDANT**

---

Plaintiff Karina Mendez ("Plaintiff" or "Mendez") hereby states as follows for her Complaint.

## PARTIES

1.  Plaintiff is, and at all relevant times was, a citizen of the state of Ohio and a resident of Hamilton County, Ohio.

2.  Defendant Ember L. Hamilla ("Hamilla") is, and at all relevant times was, a citizen of the state of Florida.

3.  Defendant Werner Enterprises, Inc. ("Werner") is a corporation incorporated under the laws of Nebraska, and at all relevant times was headquartered in Omaha, Nebraska.

4.  Werner, is and was at all times stated herein acting through its agents, servants, and employees including Defendant Ember L. Hamilla.

## JURISDICTION & VENUE ALLEGATIONS

5.  This court may exercise jurisdiction over these nonresident defendants under KRS



454.210 based upon the subject claim arising from their transacting business in the Commonwealth of Kentucky and while doing so caused tortious injury by an act or omission in this Commonwealth.

6.      Venue is proper in this court as the cause of action arose in Kenton County when Defendants tractor trailer struck Plaintiff's automobile.

## FACTS

7.      On or about April 4, 2020, Hamilla, acting as an agent, servant, and employee of Werner, was a driver of a tractor trailer truck owned by Werner.

8.      On April 4, 2020, at or just after 5:20 AM, Plaintiff was lawfully driving her 2008 Mitsubishi Lancer southbound on Interstate 75. Plaintiff entered the Brent Spence Bridge southbound located in the right-center lane.

9.      Plaintiff continued on I-75 southbound into Kentucky remaining in the right-center lane. following the tractor-trailer driven by Hamilla at a reasonable distance, both of which were in the left-center lane. Plaintiff engaged her turn signal and entered the right lane, which was unoccupied at the time.

10.     On or about April 4, 2020, at or just after 5:20 AM, Hamilla was driving the tractor-trailer southbound on I-75. Hamilla entered the Brent Spence Bridge in the left-center lane of the I-75. When Hamilla entered I-75 she was behind Plaintiff in the left-center lane.

11.     Shortly after entering into Kentucky on I-75 southbound, Hamilla accelerated past Plaintiff. Hamilla remained in the left-center lane while driving past Plaintiff and Plaintiff remained in the right-center lane when Hamilla drove past her.

12.     Shortly before Hamilla navigated the tractor-trailer past Plaintiff's car, Hamilla negligently, carelessly, recklessly, and with total disregard for the lives and safety of others,

Filed          21-CI-01307          08/30/2021          John C. Middleton, Kenton Circuit Clerk

changed lanes from the left-center lane to the right-center lane on Interstate 75 Southbound around mile-marker 191, without using a turn signal and without checking her mirrors.

13.    Initially, Plaintiff saw the tractor of the tractor-trailer enter the right-center lane. Plaintiff then saw the trailer of the tractor-trailer enter her lane. At that point, Plaintiff began braking her car to avoid the collision, but she did not have enough time to safely navigate and react to the Hamilla's lane change.

14.    Hamilla lane change into Plaintiff's car caused Plaintiff's car to get caught under the trailer, a few feet in front of the back wheels, briefly. Then, the tractor-trailer's collision with Plaintiff's car caused the car to spin multiple times and thrust the car rightward toward the 5th street exit. Plaintiff's car came to a stop in the entrance of the 5th street exit.

15.    The collision caused Plaintiff's windshield to break, thereby causing glass to cover and cut her face. The glass caused multiple lacerations to Plaintiffs face and scalp, which caused facial scarring and loss of feeling in parts of her scalp.

16.    Covington police and fire departments responded to the collision. The police and fire departments were unable to safely extricate Plaintiff by themselves and, thus, resorted to mechanical means to extricate her from her car.

17.    Plaintiff remained unable to move, bleeding, on the side of the road for over twenty minutes before Covington police and fire responded and mechanically extricated her. Plaintiff was rushed to a nearby hospital with multiple lacerations and blood loss.

18.    After the accident, Plaintiff missed two weeks of work. Plaintiff also bled from the lacerations for approximately a month before the wounds closed.

## COUNT I – NEGLIGENCE

19.    Plaintiff incorporates by reference all other averments set forth in this Complaint

Filed          21-CI-01307          08/30/2021          John C. Middleton, Kenton Circuit Clerk



as if fully set forth herein.

20.     The negligence, carelessness, recklessness, and total disregard for the lives and safety of others by Hamilla, as stated hereinabove, resulted in a collision between Plaintiff's car and the tractor trailer.

21.     Werner and Hamilla owed a duty of ordinary care to the Plaintiff and these defendants have negligently breached their duty of ordinary care resulting in Plaintiff's injuries, as a direct and proximate result of said negligence.

22.     As a direct and proximate result of the negligence of Werner and its driver Hamilla causing Plaintiff's injuries, Plaintiff has been damaged in an amount exceeding the jurisdictional requirements of this court.

## COUNT II – NEGLIGENCE PER SE

23.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

24.     Defendants were in violation of certain Acts, statutes, regulations, and law-based training policies designed to ensure roadway safety is exercised for the benefit of the motoring public and to prevent the injuries herein alleged.

25.     On April, 4, 2020, Werner and/or its driver Hamilla were in violation of KRS 189.380(1) when Hamilla moved right into the right-center lane without giving an appropriate signal of the lane change, as well as the minimum standards set forth in the Kentucky Commercial Driver's License Manual.

26.     The harm to Plaintiff is the type of harm which the stated Acts, statutes, regulations, case law, and law-based training policies were designed to prevent. Plaintiff is entitled to compensation for the damages caused or contributed to by the negligence of the

Filed          21-CI-01307        08/30/2021      John C. Middleton, Kenton Circuit Clerk

defendants in an amount exceeding the jurisdictional requirements of this court.

## COUNT III – NEGLIGENT HIRING and NEGLIGENT RETENTION

27.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

28.    Werner had a duty to use reasonable care to select employees who were competent and fit to perform the duties required as employees. Werner owed such duty to Plaintiff and such duty was breached causing Plaintiff injuries.

29.    Werner knew, or should have known, that Hamilla would be likely to operate a motor vehicle in a negligent and reckless manner.

30.    Werner knew, or should have known, that its driver Hamilla was not competent or fit for the duties required of her as an employee and therefore breached its duty to use reasonable care to select and retain employees that are competent and fit for the position of interstate commercial vehicle drivers.

31.    Plaintiff is entitled to compensation for the damages caused by the negligent hiring and retention of Hamilla by Werner, in an amount exceeding the jurisdictional requirements of this court.

## COUNT IV – NEGLIGENT ENTRUSTMENT

32.    Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

33.    Werner, as employer of its driver Hamilla, had the right to permit and the power to prohibit the use of this truck by Hamilla.

34.    Werner knew, had reason to know, or should have known that is driver Hamilla, because of inexperience, prior actions, and/or lack of familiarity with the road ways, was likely

Filed          21-CI-01307        08/30/2021      John C. Middleton, Kenton Circuit Clerk



to drive the subject tractor-trailer truck in a negligent and reckless manner.

35.     As a direct result of Werner negligently entrusting its driver Hamilla with its tractor-trailer, who operated same in a negligent and reckless manner, Plaintiff suffered injuries as alleged.

36.     Plaintiff is entitled to compensation for the damages, in an amount exceeding the jurisdictional requirements of this court, caused or contributed to by the negligent entrustment of the tractor-trailer to Hamilla by Werner.

## COUNT IV – NEGLIGENT SUPERVISION AND NEGLIGENT TRAINING

37.     Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

38.     Werner, as the employer of its driver Hamilla, had the duty to supervise and train its drivers, including Hamilla.

39.     Werner failed to implement adequate policies and procedures to ensure that its drivers received proper instruction and training as it pertains to the previously mentioned Acts, statutes, regulations, case law, and law-based training policies that were violated by its driver Hamilla on April 4, 2020.

40.     Werner failed to otherwise implement adequate policies and procedures to ensure that its drivers received proper training and supervision so as to prevent the injuries to Plaintiff.

41.     Plaintiffs are entitled to compensation for the damages, in an amount exceeding the jurisdictional requirements of this court, caused or contributed to by Werner's negligent supervision and training of Hamilla.

## COUNT V – GROSS NEGLIGENCE, WILLFUL OR WANTON MISCONDUCT, MALICE; RECOVERY OF PUNITIVE DAMAGES AND EXEMPLARY DAMAGES

42.     Plaintiff incorporates by reference all other averments set forth in this Complaint

Filed        21-CI-01307        08/30/2021        John C. Middleton, Kenton Circuit Clerk

as if fully set forth herein.

43.    Werner and its driver Hamilla's actions were grossly negligent, and exhibited willful and wanton conduct towards Plaintiff by operating a tractor-trailer in a negligent and reckless manner, resulting in Plaintiff's injuries, as herein alleged.

44.    Hamilla acted with oppression and malice toward Plaintiff by operating a tractor-trailer in a negligent and reckless manner, resulting in the Plaintiff's injuries.

45.    Plaintiffs are entitled to compensation for the damages, in an amount exceeding the jurisdictional requirements of this court, caused or contributed to by Werner and its driver Hamilla's gross negligence, willful or wanton misconduct, and malice.

## DAMAGES

46.    As a direct and proximate result of the negligence of each of the Defendants and all of the Defendants as stated hereinabove, Mendez sustained serious and grievous injuries.

47.    As a result of the negligence stated hereinabove, Mendez endured pre-impact fright, to her damage in an amount that is fair and reasonable and in excess of the minimum jurisdictional amount of this Court.

48.    As a result of the negligence stated hereinabove, Mendez endured over twenty-minutes of blood loss and inability to move before medical professionals could appropriately evaluate her, causing great pain of body and anguish of mind, thereby damaging her in an amount that is fair and reasonable and in excess of the minimum jurisdictional amount of this Court.

49.    As a result of her injuries stated hereinabove, Mendez endured great pain of body and anguish of mind, to her damage in an amount that is fair and reasonable and in excess of the minimum jurisdictional amount of this Court.



50.    As a result of the gross negligence, willful or wanton misconduct, malice stated herein, Plaintiff is entitled to an award of punitive or exemplary damages in an amount that is fair and reasonable and in excess of the minimum amount required to invoke the jurisdiction of this Court.

WHEREFORE, Plaintiff, Karina Mendez Perez, respectfully requests this Honorable court award her:

1.    Judgment against Defendant Werner Enterprises, Inc. for compensatory, punitive, and exemplary damages in an amount exceeding the jurisdictional requirements of this court;

2.    Judgment against Defendant Ember L. Hamilla for compensatory, punitive, and exemplary damages in an amount exceeding the jurisdictional requirements of this court;

3.    Punitive damages;

4.    Joint and several judgment if returned against more than one defendant;

5.    Pre-judgment interest;

6.    Post judgment interest;

7.    Trial by jury;

8.    Costs and expenses herein

9.    Reasonable attorneys' fees herein expended; and

10.    Such other and further relief to which the Plaintiff is entitled in addition to the costs and disbursements of this action.

Respectfully submitted,

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano                0099224
Alexander J. Durst (pro hac vice to come)

Filed          21-CI-01307       08/30/2021      John C. Middleton, Kenton Circuit Clerk

Attorney for Plaintiff
The Durst Law Firm
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Tel: (513) 621-4999
Fax: (513) 621-0200
tony@durstlawfirm.com

Filed          21-CI-01307       08/30/2021      John C. Middleton, Kenton Circuit Clerk



**SEP 0 2 2021**

## PRAECIPE TO CLERK:

Serve Summons and Complaint by certified mail; if certified mail is refused, then send by ordinary mail.

/s/ *Anthony D. Maiorano*

Anthony D. Maiorano                 0099224